IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY MORRISON, <br> Reg. No. 43820-112, <br><br> Petitioner, <br><br> v. <br><br> WALTER WOODS, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:16-CV-957-WHA <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

This 28 U.S.C. § 2241 petition for writ of habeas corpus is before the court on the Recommendation of the Magistrate Judge (Doc. #51), entered on October 11, 2018, and Petitioner's Objection (Doc. #52), filed on October 19, 2018. The court has conducted an independent evaluation and de novo review of the file in this case and finds as follows:

Larry Morrison, a federal inmate confined in the Maxwell Federal Prison Camp at the time he filed this civil action, presents numerous challenges to the constitutionality of actions taken against him during his participation in the Residential Drug Abuse Program ("RDAP") while at Maxwell.[1] Morrison, however, voluntarily withdrew from RDAP prior to his completion of the program. Despite his withdrawal from the program, Morrison seeks one-year off his sentence — a sentence reduction available to inmates who complete RDAP. Doc. #1 at 17.

---

[1] Morrison is now enrolled in the Residential Re-Entry Management Program in Los Angeles County, California, a program operated by the Bureau of Prisons ("BOP").

In the Recommendation, the Magistrate Judge recommends denial of the habeas petition and dismissal of this case because Morrison failed to properly and fully exhaust the administrative remedies provided to him by the Bureau of Prisons ("BOP") prior to filing this petition. Doc. #51 at 24–25. It is also noted in the Recommendation that the actions about which Morrison complains did not deprive him of any constitutionally protected interest because such actions were based on Morrison's inappropriate behavior while in RDAP. Doc. #51 at 24, n.3.

The majority of Petitioner's Objection points to contradictions in information provided by BOP officials, including RDAP records, and Petitioner's recollection of events set forth in his responses and affidavits before the court. Doc. #52 at 1–3. The court finds that these arguments do not undermine the findings contained in the Recommendation. As to the lack of exhaustion, Morrison concedes his failure to properly exhaust his administrative remedies and specifically acknowledges his failure to comply with instructions issued by the Central Office. *Id*. at 3. He argues the Central Office should have accepted his appeals but, instead, returned them to him for correction. *Id*. Morrison, as he did in his petition and responses, asserts he believed his actions constituted proper exhaustion or that it was otherwise impossible to exhaust his remedies. *Id*. at 3–4.

The court agrees with the Magistrate Judge's determination "that Morrison failed to properly exhaust the three-level administrative remedy established by the BOP regarding the claims presented in his habeas petition. Thus, Morrison has not satisfied the

In the Recommendation, the Magistrate Judge recommends denial of the habeas petition and dismissal of this case because Morrison failed to properly and fully exhaust the administrative remedies provided to him by the Bureau of Prisons ("BOP") prior to filing this petition. Doc. #51 at 24–25. It is also noted in the Recommendation that the actions about which Morrison complains did not deprive him of any constitutionally protected interest because such actions were based on Morrison's inappropriate behavior while in RDAP. Doc. #51 at 24, n.3.

The majority of Petitioner's Objection points to contradictions in information provided by BOP officials, including RDAP records, and Petitioner's recollection of events set forth in his responses and affidavits before the court. Doc. #52 at 1–3. The court finds that these arguments do not undermine the findings contained in the Recommendation. As to the lack of exhaustion, Morrison concedes his failure to properly exhaust his administrative remedies and specifically acknowledges his failure to comply with instructions issued by the Central Office. *Id*. at 3. He argues the Central Office should have accepted his appeals but, instead, returned them to him for correction. *Id*. Morrison, as he did in his petition and responses, asserts he believed his actions constituted proper exhaustion or that it was otherwise impossible to exhaust his remedies. *Id*. at 3–4.

The court agrees with the Magistrate Judge's determination "that Morrison failed to properly exhaust the three-level administrative remedy established by the BOP regarding the claims presented in his habeas petition. Thus, Morrison has not satisfied the

requirement that he exhaust his available remedies before seeking habeas corpus relief in this court." Doc. #51 at 24. The court likewise finds, as did the Magistrate Judge, that "Morrison has . . . failed to establish circumstances justifying waiver of the exhaustion requirement." *Id*. Finally, the court agrees "it is undisputed that Morrison did not complete RDAP. Absent completion of RDAP, Morrison is not eligible for the sentence reduction sought in this petition." Doc. #51 at 24.

Accordingly, it is ORDERED that:

1. Petitioner's Objection to the Recommendation is OVERRULED.

2. The Recommendation of the Magistrate Judge is ADOPTED.

3. The 28 U.S.C. § 2241 petition for habeas corpus relief filed by Petitioner is DENIED.

4. This case is DISMISSED with prejudice.

A separate Final Judgment will be entered in accordance with this order.

DONE this 29th day of October, 2018.

                                            /s/ W. Harold Albritton
                                  SENIORUNITED STATES DISTRICT JUDGE